UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURE SOURCE CLAIMS COMPANY, LLC, as assignee of 125 BROAD CHP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD F. MILLER, FINE CRAFTSMAN GROUP, LLC, a New York Limited Liability Company, USDG, LLC, a Nevada Limited Liability Company, MIKE ROE, ROE SITE MANAGEMENT, LLC, a New York Limited Liability Company, MICHAEL PIUMELLI, GIOVANNA BATTAGLIA, and MARGARET MILLER,<br><br>    Defendants. | Case No.: 22-cv-9764<br><br>**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN** |

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff SECURE SOURCE CLAIMS COMPANY, LLC, as assignee of claims from 125 BROAD CHP, LLC ("Plaintiff") and Defendants FINE CRAFTSMAN GROUP, LLC ("FCG") and MIKE ROE a/k/a Mikey Roe ("Roe")[1] spoke and/or exchanged communications on January 3 and 4, 2023, and submit the following report of their meeting for the Court's consideration:

---

[1] Defendants EDWARD F. MILLER ("Ed Miller"), ROE SITE MANAGEMENT, LLC ("RSM"), GIOVANNA BATTAGLIA ("Giovanna Battaglia"), and MARGARET MILLER ("Margaret Miller") have been served but have not filed appearances in this matter. Defendants USDG, LLC ("USDG") and MICHAEL PIUMELLI ("Piumelli") have not yet been served with the Summons and Complaint.

1.      **Summary of Claims, Defenses, and Relevant Issues.**

<u>Plaintiff</u>:  This matter concerns an egregious and explicit scheme and pattern of misconduct by an enterprise made up of Defendants intent on defrauding 125 Broad CHP, LLC ("125 Broad") of millions of dollars for their own benefit. 125 Broad is the owner of an energy co-generation project being installed at 125 Broad Street, New York, New York (the "125 Broad Project" or the "Project"). During his tenure with 125 Broad and its related entity, Secure Source Energy ("SSE"), Defendant Miller concocted a plan by which individuals and entities connected personally to Miller submitted for payment, through 125 Broad's Construction Manager, Defendant FCG, fraudulent or fabricated invoices that FCG expressly knew had no legitimate connection to the 125 Broad Project. Knowing full well that these invoices were entirely unrelated to the 125 Broad Project, FCG submitted these invoices directly to Miller for payment along with their own "management fee" as well. All told, Defendants received hundreds of thousands of dollars in fraudulently obtained benefits to the detriment of 125 Broad.  Based on these allegations, Plaintiff asserts the following claims:

- Civil RICO under 18 U.S.C. § 1962(a) against Defendants Miller, FCG, USDG, Roe, RSM, and Piumelli.
- Conversion against Defendants Miller and FCG.
- Breach of fiduciary duty against Defendants Miller and FCG.
- Common law fraud against Defendants Miller, FCG, and Piumelli.
- Diversion of trust assets against Defendants Miller and FCG.
- Unjust enrichment against Defendants Miller, FCG, USDG, Roe, RSM, Giovanna Battaglia, and Margaret Miller.

- Conspiracy to commit civil fraud against Defendants Miller, FCG, USDG, Roe, RSM, and Piumelli.

- Aiding and abetting conversion against Defendants FCG, Roe, Piumelli, and USDG.

- Aiding and abetting fraud against Defendants FCG, USDG, Roe, RSM, and Piumelli.

Defendants:

FCG:  FCG denies all of the material allegations in Plaintiff's Complaint especially as they relate to or involve any alleged wrongdoing by FCG.  FCG submits that all of the claims asserted against FCG by Plaintiff are factually and legally insufficient and that those claims should be dismissed on motion pursuant to Fed. R. Civ. P. 12(b)(6), including for those reasons set forth in FCG's letter request for a pre-motion conference dated and filed December 15, 2022.  [Doc. #32].  FCG further submits that it fully complied with all of its obligations under the contract dated as of February 8, 2021 between FCG and 125 Broad, Plaintiff's Assignor.

Mikey Roe: Defendant Roe avers that he has no affiliation whatsoever with the subject matter of the instant matter. Defendant Roe's twin brother, Kevin Roe, is the actual responsible party and upon information and belief, is the person described in Plaintiff's Complaint, albeit misidentified as Defendant "Mike" Roe. Defendant Roe has no affiliation whatsoever with Defendant Roe Site Management, and further avers that his twin brother Kevin is the party who operates and manages Defendant Roe Site Management.

## 2. Basis of Subject Matter Jurisdiction.

This Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331, inasmuch as the matter in controversy is brought for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

This Court also has jurisdiction over this action pursuant to 28 U.S.C. 1332 because Plaintiff is a citizen of a different state than each of the Defendants, and this matter concerns more than $75,000, exclusive of interest and costs. Plaintiff is a Florida entity with all of its members residing in Florida. Further, 125 Broad is a Delaware entity with all of its members residing in Florida. Defendant, Ed Miller is a citizen of the State of New York. Defendant FCG is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 74-06 Metropolitan Ave, Middle Village, NY 11379.

Upon information and belief, the members of FCG are residents of California and New York. Defendant USDG is a limited liability company organized and existing under the laws of the State of Nevada with a principal place of business listed as 500 N. Rainbow Blvd., Ste 300A, Las Vegas, Nevada 89107. Upon information and belief, Defendant Miller is USDG's sole member. Defendant Roe is a citizen of the State of New York. Defendant RSM is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 944 Bussey Hollow Road, Andes, New York, 13731. Upon information and belief, Roe is RSM's sole member. Defendant Piumelli is a citizen of the State of New York. Defendant Giovanna Battaglia is a citizen of the State of New York. Defendant Margaret Miller a citizen of the State of New York.

Finally, to the extent this Court does not exercise diversity jurisdiction over all of Plaintiff's Claims, this Court also has jurisdiction over Plaintiff's state and common law claims, pursuant to

the principles of supplemental jurisdiction and 28 U.S.C. § 1367 as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the US Constitution.

**3.     Subjects on Which Discovery May Be Needed.**

Plaintiff:   Plaintiff anticipates needing discovery regarding the allegations in the Complaint, including, but not limited to: communications between the Defendants regarding the Project; the procedures used by Defendants for submitting and approving Project invoices; the factual support for all work allegedly reflected in Project invoices; and the use of all funds received from payment of Project invoices.

Defendants:

FCG:  FCG submits that any discovery requested of FCG by Plaintiff or any other appearing party should be stayed, and/or significantly limited, until FCG's anticipated motion to dismiss the Complaint as against FCG is decided.  To the extent FCG's anticipated motion to dismiss Plaintiff's Complaint is denied in whole or in part, then FCG anticipates needing discovery from Plaintiff, and especially 125 Broad, Plaintiff's Assignor, regarding all of the allegations in the Complaint.

Roe:  In addition to the subjects listed by Plaintiff, *supra*, Defendant Roe anticipates discovery will be needed as to the invoices allegedly submitted to Plaintiff; the corporate structure and operations of Defendant RSM, and information from current-non-party Kevin Roe.

**4.     Informal Disclosures.**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by the parties by February 1, 2023.  In addition, by March 1, 2023, the parties will

produce an initial set of relevant documents identified in their respective Initial Disclosures and will continue to supplement its production.

    **5.    Formal Discovery.**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by February 1, 2024.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above

    i. <u>Depositions</u>: Depositions shall be completed by December 1, 2023 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served by March 15, 2023. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii. <u>Requests for Admission</u>: Requests for admission must be served by December 29, 2023.

    iv. <u>Requests for Production</u>: Initial requests for production will be exchanged on March 15, 2023, and responses shall be due on April 28, 2023. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

  v. <u>Supplementation</u>: Supplementation under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6. Anticipated Discovery Disputes.**

There are no known discovery disputes known at this time.

**7. Amendments to Pleadings.**

a. Plaintiff anticipates that it may need to amend the Complaint to add new parties, depending on information obtained through the parties' initial disclosures and other discovery.

b. The last date to amend the Complaint is May 1, 2023, or within 30 days after the Court rules on any Motion to Dismiss under Fed. R. Civ. P. 12(b) (6).

**8. Expert Witness Disclosures.**

At this time, the parties do anticipate utilizing experts. Expert discovery shall be completed by May 3, 2024.

**9. Electronic Discovery and Preservation of Documents and Information.**

a. The parties have not discussed electronic discovery.

b. There is not an Electronic Discovery Protocol ("EDP") in place. The parties expect to have an EDP in place by February 1, 2023.

**10. Anticipated Motions.**

<u>Plaintiff</u>: Plaintiff anticipates filing motions for default judgment against all non-appearing Defendants.

<u>Defendants</u>: It is anticipated that Defendant FGC (and, possibly, other Defendants) will request leave to file a motion to dismiss. Defendant Mikey Roe anticipates a motion pursuant to FRCP 12(b)(7)/FRCP 19 and/or Summary Judgment pursuant to FRCP 56.

11. **Early Settlement or Resolution.**

The parties have not discussed the possibility of settlement. The parties are not interested in a settlement conference at this time.

12. **Trial.**

a. The parties anticipate that this case will be ready for trial by June 3, 2024.

b. The parties anticipate that the trial for this case will require fifteen (15) days.

c. The parties do not consent to a trial before a Magistrate Judge at this time.

d. The parties request a jury trial.

13. **Other Matters.**

None at this time.

Respectfully submitted January 4, 2023.

ATTORNEYS FOR PLAINTIFF:

By: /s/Kenneth M. Rehns
Kenneth M. Rehns, Esq.
SDNY No. KR-9822
**WARD DAMON, PL**
4420 Beacon Circle
West Palm Beach, Florida 33407
Telephone: (561) 594-1446
Fax: (561) 842-3626
Email: krehns@warddamon.com

Howard S. Koh, Esq.
**Meister Seelig & Fein PLLC**
125 Park Avenue
7th Floor
New York, New York, 10017
Tel: (212) 655-3500
Fax: (646) 564-4826
Email: hsk@msf-law.com

*New York Counsel for Plaintiff*

ATTORNEYS FOR DEFENDANTS:

By: /s/Joseph P. Dineen
Joseph P. Dineen, Jr.
**Law Offices of Joseph P. Dineen**
1225 Franklin Avenue, Suite 325
Garden City, NY 11530
Telephone: (516) 512-8968
Fax: (516) 873-8881
Email: jpdinnen_esq@sbcglobal.net

*Counsel for Fine Craftsman Group, LLC*

By: /s/Jeremy G. Feigenbaum
Jeremy G. Feigenbaum
**SPODEK LAW GROUP P.C.**
85 Broad Street, 17th Floor
New York, NY 10004
Telephone: (347) 292-8630
Email: jf@spodeklawgroup.com

*Counsel for Mike Roe*