UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURE SOURCE CLAIMS COMPANY, LLC,

                         Plaintiff,

-against-

EDWARD F. MILLER; FINE CRAFTSMAN GROUP, LLC; USDG, LLC; ROE SITE MANAGEMENT, LLC; MICHAEL PIUMELLI; GIOVANNA BATTAGLIA; MARGARET MILLER; KEVIN ROE; SEGOVIA CONSTRUCTION LLC; KRZYSZTOF POGORZELSKI; JOSE SEGOVIA; SAMANTHA BUSTAMANTE; ERIC SCOTT; and ROMO MACHINE, LLC,

                         Defendants.

22-CV-9764 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

JESSICA G. L. CLARKE, United States District Judge:

    This case was referred to Magistrate Judge Wang for general pretrial purposes and all dispositive motions. *See* ECF No. 20. Defendant Eric Scott moves to dismiss Counts I and II for failure to state RICO claims against him. ECF No. 152. On December 20, 2024, Judge Wang issued a Report and Recommendation to recommend denial of Defendant's motion to dismiss, finding that the Second Amended Complaint ("SAC") added sufficient details about Defendant's participation in the alleged wrongful acts to state a RICO claim. ECF No. 164 ("R&R") at 4–5. Defendant timely filed his objections to the R&R on January 3, 2025. ECF No. 166 ("Obj.").

    In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no

timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

The Court has reviewed the motions, the Report and Recommendation, Defendant's objections, and Plaintiff's responses, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law. The Court further finds that none of Defendant's objections have merit.

First, Defendant objects that the SAC's new allegations against him are "substantively indistinguishable from those contained in Plaintiff's First Amended Complaint," which the Court found to be insufficient to state a claim. Obj. at 3–5. In making this objection, Defendant reiterates the arguments made in his original motion to dismiss. *See* ECF No. 153 at 6–9. The R&R has fairly considered whether the new allegations are distinguishable from those of the First Amended Complaint. *See* R&R at 4–5. The Court adopts the same conclusion that the new allegations are substantively different and sufficient to clear Rule 12.

Second, Defendant objects that the SAC's allegations are inadequate because the allegations do not involve the commission of two or more predicate acts or adequately allege an open-ended continuity on the part of Scott. Obj. at 5–7. This Court has already determined that the allegations of the scheme do involve multiple predicate acts, and that Plaintiff has pled open-

ended continuity. *See* ECF No. 144 at 9–12. The reason the Court dismissed claims against Defendant Scott was for failure to show "association-in-fact." *See id.* at 12–14. Specifically, the Court explained:

> Even where a plaintiff has sufficiently pled the hierarchy, organization and activities of the alleged enterprise, it must "explain each participant's role in the alleged course of fraudulent or illegal conduct" and not merely lump a defendant into the enterprise by relying on group pleading for "nearly every allegation" against said defendant.

*Id.* at 13 (quoting *Acklin v. Eichner*, No. 20-CV-7042 (GHW), 2021 WL 4442819, at *5 (S.D.N.Y. Sept. 27, 2021)). The SAC has cured this defect by explaining how Defendant Scott participated in the alleged fraudulent conduct, as analyzed by the R&R. *See* R&R at 4–5. At this stage, it is sufficient that Plaintiff has described with particularity the manner and method by which Defendant was involved in the alleged scheme.

Finally, Defendant objects that the SAC has failed to plead a RICO conspiracy claim against him. He argues that this claim fails along with the RICO claim. Because Plaintiff has sufficiently alleged a substantive RICO claim, Plaintiff's conspiracy claim also survives. *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 154 (S.D.N.Y. 2014).

Accordingly, the Report and Recommendation is ADOPTED in its entirety. Defendant's motion to dismiss is DENIED. The Clerk of Court is directed to terminate ECF No. 152.

Dated: March 25, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge