**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
SECURE SOURCE CLAIMS COMPANY, LLC,

        Plaintiff,

      -against-

EDWARD F. MILLER, KEVIN ROE, ROE SITE MANAGEMENT, LLC, a New York Limited Liability Company, MICHAEL PIUMELLI, GIOVANNA BATTAGLIA, MARGARET MILLER, SEGOVIA CONSTRUCTION LLC, a New York Limited Liability Company, JOSE SEGOVIA, SAMANTHA BUSTAMANTE, ADAM MUSKAL, ERIC SCOTT, and ROMO MACHINE, LLC, a New York Limited Liability Company, FINE CRAFTSMAN GROUP, LLC, a New York Limited Liability Company, USDG, LLC, a Nevada Limited Liability Company, KRZYSZTOF POGORZELSKI,

        Defendants.
------------------------------------------------------------x

22-CV-9764 (JGLC) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

    **I. Introduction**

    Upon failure to respond to Plaintiff's Motion for Entry of Judgment under Rule 54(b) for over a month, I issued an Order to Show Cause on April 29, 2025 why I should not recommend that Judge Clarke grant Plaintiff's requested relief: entry of judgment in the amount of two million dollars against Defendants Edward F. Miller, USDG LLC, Michael Piumelli, Giovanna Battaglia, Margaret Miller, Segovia Construction LLC, Jose Segovia, Samantha Bustamante, Kevin

Roe, and Roe Site Management LLC (collectively referred to as "Settling Miller Defendants")[1]. (ECF 177).

The Motion for Entry of Judgment is opposed by the Settling Miller Defendants, all of whom write to the Court *pro se*[2], claiming they had no knowledge of the Motion for Entry of Judgment (ECF 172) or the Court's Order to Show Cause (ECF 177) that were filed when Defendants were represented by their then attorney—Samidh Jalem Guha. (ECF 197 at 1). Defendants Jose Segovia and Samantha Bustamante write to the Court separately describing their hardships with the case. (*See* ECF Nos. 195, 198). These letters were filed following Mr. Guha's response to the OSC (ECF 187) and his withdrawal as attorney for Settling Miller Defendants. (ECF 193).

## II. Procedural Overview

On May 2, 2025, Mr. Guha requested a four-week extension of the deadline to respond to the OSC, together with a procedurally insufficient request to withdraw "due to a conflict that has recently arisen" that Mr. Guha had known about since "early March." (ECF 178). The OSC response deadline was extended to June 9, 2025. (ECF 180). In that same order, Mr. Guha was directed to file a formal motion to withdraw, which he filed on June 1, 2025. (ECF 180, 184). Mr. Guha was ordered to serve a copy of his motion to withdraw on each of his clients and file proof of service on the docket, as required by S.D.N.Y. Local Civ. R. 1.4. (ECF 186). After proper service,

---

[1] Defendant Romo Machine, LLC was allegedly involved in the settlement discussions but never executed the agreement for reasons unknown to the Court. Defendants Fine Craftsman Group, LLC, Krzystof Pogorzelski, and Eric Scott were not parties to the alleged settlement agreement.
[2] Defendants are reminded that corporate entities cannot appear pro se and must be represented by counsel, as previously discussed in my September 11, 2025 Order. (ECF 206).

the motion was granted. (ECF 193). The Settling Miller Defendants have been unrepresented since July 1, 2025.

On June 9, 2025, Mr. Guha responded to the OSC on behalf of his clients, claiming that the alleged settlement agreement was contingent on "the performance of certain obligations that are condition precedents to the settlement," namely a dismissal of claims against the Defendants that are parties to the agreement. (ECF 187, quoting joint status letters at ECF Nos. 154, 159-163, 165, 169).

The first time the Court was provided a copy of the alleged settlement agreement was upon Plaintiff's motion for an "entry of judgment" filed on March 27, 2025. (ECF 172). The alleged agreement appears to have been executed in January of 2024, fifteen months before Plaintiff filed their motion. (ECF 172-2 at 6). Despite filing status reports in January (ECF 137), February (ECF 141), March (ECF 145), and April (ECF 147) of 2024, the first status report to mention that "Secure Source has reached a settlement with [Settling Miller Defendants]" was filed on May 31, 2024. (ECF 154).

### III. Analysis

The Second Circuit has cautioned that Rule 54(b) motions should be granted "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award…" *Timperio v. Bronx-Lebanon Hosp. Ctr.,* No. 18 CIV. 1804 (PGG), 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir. 1997)). A district court must consider the interests of sound judicial administration as well as the equities involved in determining whether there are any just

reasons to delay an appeal of individual final judgments. *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 2, 100 S. Ct. 1460, 1462, 64 L. Ed. 2d 1 (1980). Rule 54(b) applies in cases with multiple claims or parties, allowing for final judgment on some, but not all matters, for the purposes of appeal. In general, there is a "historic federal policy against piecemeal appeals," of which Rule 54(b) is an exception to. *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). The policy against piecemeal appeals "requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly." *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir.1991). Plaintiff has not properly supported that Rule 54(b) applies in the current circumstances, as they have stated "the parties will not be appealing the entry of the Final Judgment." (ECF 173 at 3).

Moreover, Defendants' responses to the OSC, although meager, suggest that they may have defenses to Plaintiff's claims. (ECF Nos. 187, 195, 197, 198, 203).

Having considered the parties' submissions and the dispute as to the terms of the alleged settlement agreement, the Court determines that Defendants have shown cause why I should not recommend that judgment be entered against them on the basis of Plaintiff's motion.

**SO ORDERED.**

Dated:  October 9, 2025
       New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

4